IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHREN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| United States of America, for the use and | § | |
| Benefit of Service Steel Warehouse Co., L.P., | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:23-CV-126 |
| | § | |
| | § | |
| Washington International Insurance Co, | § | |
| Federal Constructors, Inc., and Metroplex | § | |
| Fabrication & Erection, LLP | § | |
| Defendants | § | |

**Plaintiff's Original Complaint**

To the Honorable Judge of said Court:

Plaintiff, United States of America, for the use and benefit of Service Steel Warehouse Co.,

L.P. ("Service Steel"), brings this cause of action complaining of Defendants, Washington

International Insurance Co ("Washington Insurance"), Federal Constructors, Inc. ("Federal

Constructors") and Metroplex Fabrication & Erection, LLP ("Metroplex") and would show the

following:

Parties

1.      The Plaintiff, Service Steel Warehouse Co., is a Texas Limited Partnership with its principal

place of business in Harris County, Texas.

2.      The Defendant, Federal Constructors Inc., is an Oklahoma Corporation which may be

served with process by serving its registered agent, Kendra Collier at 1900 NE 36th St., Suite 102,

Oklahoma City, OK 73111.

3.      The Defendant, Washington International Insurance Co, aka Swiss Re is a Foreign

Insurance Company which may be served with process by serving its agent for service, CT

1

Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

4.      The Defendant, Metroplex Fabrication & Erection, LLP., is a Texas Corporation which may

be served with process by serving its President and Managing Partner, H. Harold Johnson Sr., at

609 Profit Street, Azle, Texas 76020.

## Venue

5.      A Federal Public Work Project giving rise to this cause of action was awarded to Federal

Constructors for construction of the Prison Project in Howard County, Texas.  Pursuant to 40

U.S.C. § 3133(3)(b), the United States District Court for the Northern District of Texas, Abilene

Division, is the appropriate venue for this cause of action.  Further, a substantial part of the events

or omissions giving rise to Service Steel's claims occurred within the District.  Accordingly, venue

of this action is proper herein pursuant to 28 U.S.C. § 1391.

## Jurisdiction

6.      The Court has jurisdiction over the lawsuit because the Miller Act action arises under 40

U.S.C. § 3133(3)(b).

## Claim under Public Work Project Payment Bond ("Miller Act")

7.      Service Steel is a steel and construction materials supplier to steel fabricators and

construction contractors throughout the United States.  From June 6 – 30, 2022 Service Steel

supplied structural steel and construction materials to ADS, a Sub-Subcontractor on a project

known as the Federal Correctional Institute Big Spring, 1900 Simler Rd., Big Spring, Texas 79720

("Prison Project").  ADS in turn contracted with Metroplex to perform structural steel fabrication

services using the steel Service Steel had supplied for the Project.  Following fabrication of the

steel, Metroplex erected the steel at the project as subcontractor to Federal Constructors, which

served as the Project General Contractor.  In turn, Federal Constructors contracted with the United

States of America through the Federal Bureau of Prisons.   Prior to construction, Federal

Constructors obtained a payment bond from Washington Insurance for the benefit of unpaid

subcontractors and materialmen ("Washington Insurance Miller Act Bond").

8.      Service Steel did not receive payment for all of the steel and materials supplied to Federal

Constructors sub-subcontractor, ADS, on the Prison Project and in accordance with 40 U.S.C. §

3131 et seq., ("Miller Act") made a claim against the Washington Insurance Miller Act Bond for

steel and materials in the amount of at least $82,101.48 on or about August 15, 2022.  Service Steel

perfected its bond claim in the amount of at least $82,101.48 by serving a Notice of Unpaid Claim

on Federal Constructors and Washington Insurance on or before the 90th day after the materials

were delivered to Federal Constructors sub-subcontractor, ADS.

9.      Service Steel has not been paid for the materials sold and incorporated into the Prison

Project.  Therefore, Service Steel makes this claim against the Washington Insurance Miller Act

Bond and requests this Court enter a judgment against Federal Constructors and Washington

Insurance in accordance with the provisions of the Miller Act.

10.     Service Steel also asserts a claim against the bond as assignee of ADS.  ADS assigned its

rights as Claimant against the Washington Insurance Miller Act Bond to Service Steel which placed

Service Steel in the position of sub-subcontractor for purposes of the bond claim.  Plaintiff asserts

a claim against the Washington Insurance Miller Act Bond by way of those assigned rights as

Claimant and requests this Court enter a judgment against Federal Constructors and Washington

Insurance in accordance with the provisions of the Miller Act.

11.     After all just and lawful offsets, payments and credits have been allowed there remains

sums due and owing in the principal amount of $82,101.48.  In addition, interest continues to

accrue on the amount of the perfected claims from and after the thirtieth day after each invoice

was issued until the date of judgment.  All conditions precedent to Plaintiff's right to recover from

Defendants on this account have been performed or have occurred.

Claim under Subcontractor's Common Law Payment Bond

12.     Metroplex Fabrication, as subcontractor to Federal Constructors on the Project obtained a

common law contractual payment bond from Washington Insurance for the benefit of unpaid

subcontractors and materialmen ("Washington Insurance Subcontractor Bond").    ADS also

assigned its rights as Claimant against the Washington Insurance Subcontractor Bond to Service

Steel.  Claimant further asserts a claim against the Washington Insurance Subcontractor Bond for

all amounts owed to ADS by Metroplex related to materials sold by Service Steel to ADS on the

Project.

13.     Service Steel did not receive payment for all of the steel and materials supplied to Metrolex

Fabrication's subcontractor, ADS, on the Prison Project and made a claim against the Washington

Insurance Subcontractor Bond for steel and materials in the amount of at least $82,101.48.  Service

Steel perfected its bond claim in the amount of at least $82,101.48 by serving a Notice of Unpaid

Claim on Federal Constructors and Washington Insurance.

14.     Service Steel has not been paid for the materials sold and incorporated into the Prison

Project.    Therefore, Service Steel makes this claim against the Washington Insurance

Subcontractor Bond and requests this Court enter a judgment against Metroplex Fabrication and

Washington Insurance in accordance with the terms of the contractual common law payment bond.

After all just and lawful offsets, payments and credits have been allowed there remains due and

owing the principal amount of $82,101.48.  In addition, interest continues to accrue on the amount

of the perfected claims from and after the thirtieth day after each invoice was issued until the date

of judgment.  All conditions precedent to Plaintiff's right to recover from Washington Insurance

4

and Metroplex Fabrication on the Washington Insurance Subcontractor Bond have been performed or have occurred.

Texas Prompt Payment Act Tex. Prop. Code § 28.002 and Contractual Interest

15.     Service Steel completely or substantially performed its scope of work and was entitled to payment in accordance with the Texas Prompt Payment Act. TEX. PROP. CODE § 28.002. Defendants and ADS failed to pay the amount due for the materials delivered even after Service Steel made a request for payment.  In accordance with TEX. PROP. CODE § 28.002, Service Steel is entitled to recover interest at the rate of 18% per annum under the Prompt Payment Act from Defendants for their failure and Federal Constructors' failure to promptly pay for the materials delivered by Service Steel.   In addition, the terms and conditions applicable to the sale of steel materials provided that interest on the account would accrue at the rate of 18% per annum.

Texas Law Claim for Attorney's Fees

16.     Courts apply the law of the state where the contract was entered into or performed when determining which state law should govern a Miller Act claim.  Statutory authority for the recovery of attorney's fees and interest is largely a product of state statutes and Miller Act claimants may look to state law in order to determine whether attorney's fees or interest are recoverable. United States ex.rel. Cal's A/C & Elec. v. Famous Constr. Corp., 220 F.3d 326 (5th Cir. 2000).

17.     Plaintiff's claims arise out of a contract between it and ADS which was performable and payable in Texas.  The contract terms provide that Texas law would apply to the transaction and that Plaintiff was entitled to recover its reasonable attorney's fees.  In addition, Plaintiff is entitled to recover its attorney's fees pursuant to TEX.CIV.PRAC&REM.CODE § 38.001 which mandates that the Court award attorney's fees to a prevailing Plaintiff when pursuing the collection of a debt.

5

<u>Requested Relief</u>

Wherefore, the United States for the use of Service Steel Warehouse Co., L.P., requests that

Defendants be cited to appear and answer and that upon final hearing, Plaintiff recover judgment

against the Defendants, jointly, severally for the following:

1.    Damages in the amount of at least $82,101.48;

2.    Pre-judgment and post-judgment interest at the rate of 18% per annum from thirty days after the date each invoice was issued until paid in full pursuant to the Texas Prompt Pay Act;

3.    Alternatively, pre-judgment and post-judgment interest at the rate of 18% per annum from thirty days after the date each invoice was issued until paid in full pursuant to the terms and conditions applicable to the sale between Plaintiff and ADS;

4.    Alternatively, pre-judgment and post-judgment interest at the legal rate from thirty days after each invoice was issued until paid in full;

5.    Costs of Court;

6.    Reasonable and necessary attorney's fees for trial and appeal of this case pursuant to Texas law and the terms and conditions applicable to the sale between Service Steel and ADS; and

7.    Such other and further relief to which the Plaintiff may show itself justly entitled.

Respectfully submitted,


By: /s/ Travis Newport_____
     Travis G. Newport
     State Bar No. 24027693
     8415 Clinton Dr.
     Houston, Texas 77029
     Phone: 713-675-2631
     Fax: 713-583-0907
     tnewport@servicesteel.org

Attorneys for Plaintiff